KLEIN, J.
This appeal arises out of a shareholder’s derivative action, in which the shareholders who filed the action subsequently sold their shares to a third party. The trial court ruled that the third party did not have standing to pursue the derivative action, but we reverse.
The Lynns owned fifty percent of the shares of stock of Martin County Marine Corporation, and the Nickersons owned *537 the other fifty percent. The Lynns filed this derivative action alleging improprieties in the management of the corporation by the Nickersons, but then sold their shares, and assigned their rights in this action, to Watermark Marina of Palm City, LLC. The Nickersons then persuaded the trial court that under the contemporaneous stock ownership rule addressed in Timko v. Triarsi, 898 So.2d 89 (Fla. 5th DCA 2005), Watermark (which is pursuing the action in the name of the Lynns) did not have standing to continue to maintain the derivative action, even though Watermark then owned the stock.
Timko is distinguishable in that there the court held that the shareholder who had originally filed the derivative action had no standing to pursue the action for himself after he sold his shares during the pendency of the action. In this case, as we noted earlier, it is the purchaser of the shares who wishes to maintain the derivative action. This is perfectly consistent with section 607.07401(1), Florida Statutes (2005):
A person may not commence a proceeding in the right of a domestic or foreign corporation unless the person was a shareholder of the corporation when the transaction complained of occurred or unless the person became a shareholder through transfer by operation of law from one who was a shareholder at that time.
Reversed.
HAZOURI and DAMOORGIAN, JJ., concur.